CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
S. SCOTT GREENBERG, ESQ.
Nevada Bar No. 4622
5100 W. Sahara Ave.
Las Vegas, Nevada 89146
(702) 799-5373
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GARLAND HENDERSON, et al., <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. 2:17-cv-01767-JAD-NJK <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** <br><br> **AS AMENDED** |

The parties to this action, identified below, herein enter the following stipulations and agreements and request the Court enter an Order for the same:

A.  Counsel for Plaintiffs, Garland Henderson and Tammie Keith-Henderson, collectively the "Plaintiffs," and

B.  Counsel for Defendant, CLARK COUNTY SCHOOL DISTRICT (CCSD), hereby agree to the following regarding potential production of employment records of non-party District employees:

**GENERAL STIPULATIONS**

1.  The "Litigation" shall mean the above-captioned case, Henderson, et al. v. Clark County School District, 2:17-cv-01767-JAD-NJK, United States District Court, District of Nevada,

2.  ~~It is acknowledged there is a presumption of public access to judicial files and records and that good cause must be shown to~~

1  ~~overcome this presumption. Kamakana v. City and County of Honolulu,~~
2  ~~447 F.3d 1172, 1179 (9th Cir. 2006). The parties believe good cause~~
3  ~~exists, as set forth hereinafter, and submit this Stipulated~~
4  ~~Confidentiality Agreement and Protective Order (hereinafter~~
5  ~~"Protective Order") for the purpose of facilitating the exchange of~~
6  ~~documents and information between the parties in this action without~~
7  ~~having to unnecessarily involve the Court in the discovery process~~
8  ~~and in order to protect privacy interests of third parties as~~
9  ~~necessary.~~ Except as otherwise set forth herein, nothing in this

*[Margin note at lines 4-5: See order issued concurrently herewith]*

Protective Order nor the production of any information or documents under the terms of this Protective Order nor any proceedings in this matter will be deemed an admission or waiver by any Party of any confidentiality protection otherwise applicable to any document or information produced in this Litigation.

3. "Documents" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, photographs, memoranda, email communications, statements (financial or otherwise), audio recordings, video recordings, responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of these terms. "Information" means any information contained within a Document.

4. "Party" (or "Parties") shall mean one party (or all parties) in this Litigation, and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides,

serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

**CONFIDENTIALITY AGREEMENT**

5. The Parties agree that any Document or Information which is: (1) a personnel document/information of a non-party District employee, or (2) a medical record of either Plaintiff, may be designated by the Producing Party as "CONFIDENTIAL" under the terms of this Protective Order and any such designated Document or Information shall not be provided to or made available to third parties except as permitted by, and in accordance with, the provisions of this Protective Order.

6. Confidential Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL - SUBJECT PROTECTIVE ORDER" and the Document and Information contained therein shall be deemed to be a Confidential Document or Information pursuant to this Protective Order.

7. Testimony taken at a deposition reflecting upon documents/information designated CONFIDENTIAL pursuant to this stipulation may also be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition or within ten (10) business days of receipt of the transcript. If deposition testimony is to be designated confidential then within 10 days of first receipt of a transcript, or longer time period agreed to by counsel in writing when necessary due to the length of a transcript, the designating party shall send all other parties a designation in letter form stating by specific citation to page and

line numbers the part being designated as confidential under this Agreement. Additionally, the designating party shall send a copy of the designating letter to the court reporter requesting that it be placed with any transcript of the designated deposition.

8. CONFIDENTIAL Documents and Information shall be maintained in strict confidence by the Parties who receive such Documents and Information, shall only be used for the purpose of prosecution, defense, or settlement of this action, and for no other purpose, and shall not be disclosed to any person except:

> (a) to the Court, including any appellate Court, so long as the Document or Information is submitted under seal, if required;
>
> (b) to the attorneys of record in this Litigation (and other assisting attorneys in the same firm) and paralegal, clerical, and secretarial staff employed by such counsel or CCSD's Legal Office;
>
> (c) a Party, or an officer, director, agent, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;
>
> (d) subject to the terms of Paragraph 9 below, experts or consultants (and their clerical staff) consulted and/or retained by such counsel to assist in the prosecution, defense, or settlement of this action;
>
> (e) court reporter(s) employed in this action;
>
> (f) witnesses at any deposition or pre-trial court proceeding; and

9. With respect to experts pursuant to Paragraphs 8(d) above, the expert or other person must be provided a copy of this Protective

1  Order and must sign a certification acknowledging that he/she has
2  carefully and completely read, understands, and agrees to be bound
3  by this Protective Order.  The Party on whose behalf such a
4  certification is signed shall retain the original certification.
5      10. Any person other than [the Court and its staff,] a Party, counsel for a Party, or a
6  direct employee of such counsel/CCSD's Legal Office, having access
7  to CONFIDENTIAL Documents or Information pursuant to paragraph 8,
8  shall be provided a copy of this Protective Order by the Party
9  providing access to the CONFIDENTIAL Document or Information. Such
10 persons shall be bound by this Protective Order and shall not
11 disclose the CONFIDENTIAL Document or Information to any persons not
12 authorized under state or federal law or order of this Court to
13 receive such Document or Information.  Furthermore, any such person
14 shall sign a statement of confidentiality prior to being furnished
15 with any such CONFIDENTIAL Document or Information.
16     11.  All designations of Documents and Information as
17 CONFIDENTIAL must be made in good faith.
18     ~~12. If any Party includes in papers to be filed with the~~
19 ~~Court: (i) a Document or Information designated or deemed as~~
20 ~~CONFIDENTIAL, or (ii) information solely derived from a Document or~~
21 ~~Information designated or deemed as CONFIDENTIAL, such papers, or~~
22 [See order issued concurrently herewith] ~~identical portion thereof, shall be filed under seal in~~
23 ~~accordance with Local Rule 10-5(b) and the Ninth Circuit's decision~~
24 ~~in Kamakana v. City and County of Honolulu, 447 F3d 1172 (9th~~
25 ~~Cir. 2006). Hard copies shall be submitted to the Parties in~~
26 ~~accordance with Local Rule 10-5 and local e-filing instructions.~~
27 ~~The parties understand that their designation of confidential~~
28 ~~documents/information is not binding on any court and if a court~~

- 5 -

1. ~~orders that such be filed not under seal then such will occur.~~

2. 13. Parties shall also comply with all requirements of Fed. R Civ. P 5.2 with regard to documents that are filed with the Court.

4. 14. This Protective Order does not affect access to CONFIDENTIAL Documents or Information by individuals, including employees of the CCSD, who are otherwise authorized by law to have such access. Nor does this Protective Order prevent a Party from revealing CONFIDENTIAL Documents and Information to a person who created or previously received (as an addressee or by way of copy) such Document or Information.

11. 15. This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular Document or Information is, in fact, CONFIDENTIAL or whether its use should be restricted in any manner whatsoever; or (ii) to present a motion to the Court for a separate protective order as to any particular Document or Information, including restrictions differing from those specified herein.

19. 16. A Party may object to the designation of particular Document or Information as CONFIDENTIAL by giving written notice to the Party designating the disputed Document or Information. The written notice shall identify the Document or Information to which the objection is made. If the Parties cannot resolve the objection through a meet-and-confer as defined by LR IA 1-3(f) within 10 business days after after notice is received, it shall be the obligation of the Party designating the Document or Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Document or Information should be subject to the terms of this Protective Order.

If such a motion is filed within twenty (20) business days after the date the notice is received, the disputed Document or Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed Document or Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the Document or Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Document or Information to be treated as CONFIDENTIAL.

17. If documents or information is/are produced not designated CONFIDENTIAL and the receiving party believes such should be confidential under this Stipulated Confidentiality Agreement, the receiving party may within 20 days of the applicable production mark said documents/information CONFIDENTIAL and provide said marked documents/information to the producing party with notice that it believes said documents should be confidential. If such occurs then within ten (10) business days the producing party must inform the receiving party if it will comply with the confidentiality marking of receiving party. If an agreement is not reached, the receiving party may follow the procedure set out in Section 16 above to obtain Court approval for marking said documents/information confidential by filing a motion within ten (10) business days after the 10 days for the producing party to respond has passed, in which case the receiving party will be the party bearing the burden to establish good cause, and pending a decision by the Court said documents shall

be treated as confidential under this Agreement.

18. While protected by this Protective Order, any Documents or Information designated as CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit. Documents and Information previously produced by the Parties prior to the entry of this Protective Order may be designated CONFIDENTIAL within 30 days after the date of this Protective Order or may be marked "CONFIDENTIAL" at the time of production and if the Court approves this Agreement such documents shall be deemed to fall under these provisions.

19. A Party who through inadvertence produces any CONFIDENTIAL Document or Information without designating it as such in accordance with the provisions of this Protective Order shall not be deemed to waive any claim of confidentiality with respect to such Document or Information and the Producing Party may, promptly upon discovery, furnish a substitute copy properly designated along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Document or Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order. Each receiving person must thereafter treat such Document and Information as CONFIDENTIAL in accordance with the notice. Disclosure of such Confidential Document or Information prior to the receipt of such notice shall not be deemed a violation of this Protective Order. A Receiving Party who has disclosed such CONFIDENTIAL Documents or Information prior to the receipt of such notice shall take steps to cure such

disclosure by requesting return of the original document and substituting it with the properly marked one.

**OTHER STIPULATED CONSIDERATIONS**

20. ~~If CONFIDENTIAL Documents or Information are contained in any brief or other paper to be filed in the public record of the Court by a Party, the filing party shall comply with any court rule cal rule, including e-filing rule, with regard to filing sealed materials, or seeking leave to do so. The filing party shall serve an unredacted hard copy of the filing to the other parties in the case noting the specific parts of the filing that are being asserted as CONFIDENTIAL in an appropriately marked sealed envelope setting forth on its face the case caption, the title of the paper.~~ *See order issued concurrently herewith*

21. If any Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Document or Information that has been produced to it under the terms of this Protective Order, such Party will reasonably notify the other Parties, in writing.

22. This Protective Order shall be without prejudice to any Party to claim that a Document is protected by the attorney-client privilege, work product doctrine, or any other privilege or limitation recognized under federal law. Determinations of confidentiality and privilege are separate, and nothing in this Protective Order constitutes a waiver of privilege. Nothing in this Protective Order shall be construed as an admission or agreement that any specific Document or Information is or is not CONFIDENTIAL, subject to discovery, relevant, or admissible in evidence in this or any future proceeding.

23. Notwithstanding anything to the contrary herein, whenever

1  a Party deems a Document as CONFIDENTIAL because of a small portion
2  of the Information contained within the Document, that Party shall
3  make a good faith evaluation whether to designate only the
4  confidential portion of the Document as CONFIDENTIAL, instead of the
5  entire Document. If a portion of a Document is designated as
6  CONFIDENTIAL, the Document is not deemed CONFIDENTIAL so long as the
7  designated confidential portion is redacted.

8      24. This Protective Order shall not be deemed to prejudice the
9  Parties in any way in any future application for modification of
10 this Protective Order.

11 **IT IS SO STIPULATED.**

12 DATED this 26th day of January, 2018.

| CLARK COUNTY SCHOOL DISTRICT<br>Office of the General Counsel | LAW OFFICES OF ROBERT P. SPRETNAK |
|---|---|
| By: /s/ S. Scott Greenberg<br>S. SCOTT GREENBERG<br>NV Bar No. 4622<br>5100 W. Sahara Ave.<br>Las Vegas, NV 89146<br>Attorneys for Defendant,<br>Clark COUNTY SCHOOL DISTRICT | By: /s/ Robert Spretnak<br>ROBERT SPRETNAK<br>NV Bar No. 5135<br>8275 S. Eastern Avenue<br>Suite 200<br>Las Vegas, NV 89123<br>Attorney for Plaintiffs |

**ORDER**

The foregoing stipulated Confidentiality Agreement and Protective Order is adopted by the Court and hereby ordered.

Date: January 29, 2018

~~U.S DISTRICT COURT JUDGE~~
U.S. MAGISTRATE JUDGE